UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH L. REEB,

      Plaintiff,

vs.                                          NO. CIV 06-0546 LFG/LCS

MICHAEL JOHANNS, Secretary,
United States Department of Agriculture,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Mental (Psychological) Examination of Plaintiff, filed on December 7, 2006. (Doc. 23.) Plaintiff filed a Response on December 19, 2006. (Doc. 27.) The Court held a telephonic motion hearing with both sides in attendance on December 20, 2006. After reviewing the parties' submissions and hearing their arguments, the Court finds that the motion is well-taken and that it should be **GRANTED**.

    **I.**    **FACTS**

On June 22, 2006, Plaintiff filed a complaint asserting three separate claims. (Doc. 1.) Defendant filed his answer on August 31, 2006. (Doc. 7.) On November 9, 2006, Defendant filed a motion to dismiss or in the alternative a motion for partial summary judgment ("motion to dismiss"). (Doc. 15.) Plaintiff filed a response on December 1, 2006. (Doc. 19.) Attached to this response were two exhibits relevant to the present motion.

The first exhibit contains letters written by Plaintiff's treating psychologist, Dr. Harry Linneman. (Doc. 19, Ex. B.) In pertinent part, Dr. Linneman wrote that:

> Ms. Reeb is highly anxious and very intense in her interpersonal contacts. Regardless of the source of her sensitivities, it is clear that

> her emotional responses to her environment have taken on a life of their own, consuming her energy and making it virtually impossible for her to objectively evaluate her environment.
>
> . . . .
>
> I believe [Ms. Reeb] . . . suffers from severe emotional problems, and that these problems limit her ability to adapt to a work environment. Her current feelings of hopelessness and helplessness are a fairly predictable reaction to her mental state . . . .

(*Id*.) The second exhibit contains a report from Dr. Michael Muldawer, who conducted an independent psychiatric evaluation of Plaintiff for the Department of Labor. (Doc. 19, Ex. E.) Dr. Muldawer concurred with Dr. Linneman's opinion. (*Id*.) He also reported multiple diagnoses, including major depressive disorder and generalized anxiety disorder. (*Id*.) Importantly, Plaintiff contended in the Inititial Pre-Trial Report, filed November 30, 2006, that she filed a claim for service-connected disability, and that it was accepted based upon these diagnoses. (Doc. 18 at 6)

On Defendant's motion, the Court dismissed claims two and three of the complaint on December 8, 2006, leaving at issue only Plaintiff's first claim. (Doc. 24.) That claim is for "failure to accommodate" under the Rehabilitation Act (29 U.S.C. § 794). (Doc. 1 at 11-13.)

Ms. Reeb alleges that she has a chemical sensitivity, and that Defendant learned of this sensitivity in 1997. (Doc. 1 at 11.) Plaintiff asserts that, on or about September 18, 2001, she had a "bronchial spasm" in reaction to "a co-worker's perfume," and that by this same date, Defendant was aware that "Ms. Reeb's sensitivity was severe," and that "when [Ms. Reeb] . . . inhaled certain chemicals in a confined space, she was substantially limited in her ability to breathe." (*Id*.)

Plaintiff further alleges that, according to her doctor, she was able to work "in the field, at home, or in a facility that was not contaminated[,]" and that Defendant was made aware of this fact

in writing. (*Id*. at 12.) Plaintiff asserts that she requested accommodation, and that Defendant failed to accommodate her or to show that accommodation would cause Defendant undue hardship. (*Id*. at 12-13.) Ms. Reeb alleges that Defendant's failure to accommodate was intentional, and she asserts damages "including, but not limited to, lost wages and benefits, back pay, past and future benefits, loss of earning capacity, shame, humiliation, damage to reputation, physical injury, emotion[al] distress and inability to enjoy life's pleasures and activities . . . ." (*Id*. at 13.)

On December 7, 2006, Defendant filed the present motion, seeking to compel a mental examination of Plaintiff under Federal Rule of Civil Procedure 35. (Doc. 23.) Plaintiff filed a response to this motion on December 19, 2006. (Doc. 27.) The Court held a motion hearing on December 20, 2006. (Doc. 25.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 35 provides in pertinent part that:

> [w]hen the mental . . . condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a . . . mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

FED. R. CIV. P. 35(a). The Supreme Court has stated that: "Rule 35 . . . requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental . . . [examination] has adequately demonstrated the existence of the Rule's requirements . . . of 'in controversy' and 'good cause,' . . . ." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). A party moving under Rule 35 must make an "affirmative showing . . . that each

3

condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering . . . [the] examination." *Id.* at 118.

A court should not grant a Rule 35 motion for mental evaluation of a plaintiff where the emotional distress issues are of a mere "garden variety." *Thiessen v. General Electric Capital Corp.*, 178 F.R.D. 568, 570 (D.Kan. 1998). "Garden variety" damages refer to emotional distress claims which amount to no more than an attempt to recover for the generalized insult, hurt feelings and lingering resentment. *Jones v. Perea, et al.*, No. CIV-06-644, at 8 n.1 (D.N.M. Feb. 16, 2006) (memorandum opinion and order denying motion for Rule 35 examination and estending defendants' expert deadline and other related case management deadlines) (internal quotation marks and citation omitted). The United States District Court for the District of New Mexico has stated that:

> a mental exam is warranted when one or more of the following factors is present: '(1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35.'

*Id.* at 8 (quoting *Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D. Colo. 1998)) .

### III.   ANALYSIS

I find that Defendant's motion is resolvable on factor (3) of the five-factor test stated in *Jones*. Factor (3) is satisfied for two reasons. First, Plaintiff has placed her mental condition into controversy with the submission of reports from Drs. Linneman and Muldawer. *See* discussion *supra* Part I. These reports clearly suggest that Plaintiff's ability to function at work was affected by unusually severe emotional distress. It is of no consequence that Plaintiff has placed her mental condition into controversy via these reports rather than through allegations in the complaint. *See*

*Cabana v. Forcier*, 200 F.R.D. 9, 12 (D.Mass. 2001) (providing that although the allegations set forth in the complaint do not expressly put plaintiff's mental condition into controversy, a neuropsychologist report submitted by Plaintiff does do so).  Defendant has good cause, given these mental health professionals' reports, to conduct a mental examination of plaintiff in order to determine her ability to function at work and the degree of accommodation Plaintiff might have required.[1]

Factor (3) is also satisfied because Plaintiff has set forth allegations and facts, apart from the mental health professionals' reports, that suggest she has suffered severe emotional distress.  Plaintiff alleges damages for "shame, humiliation, . . . [and] emotion[al] distress" with respect to her claim for failure to accommodate.  (Doc. 1 at 13.)  In the IPTR, Plaintiff stated her intention to call as a witness Dr. Linneman to testify as to issues of depression and chronic stress.  (Doc. 18 at 14.)  During the motion hearing, Defendant pointed out that Plaintiff is seeking more than $30,000.00 relating to her alleged emotional distress damages.  Considering these circumstances, I find that Plaintiff has clearly alleged more than "garden variety" emotional distress.  She has made a claim for unusually severe emotional distress.  Defendant has good cause to conduct a mental evaluation of Plaintiff in order to gauge for himself the extent of this emotional distress and the potential amount of any related damages that may exist.

During the motion hearing, Plaintiff stated that she seeks nothing more than garden variety

---

[1] Defendant has argued that Plaintiff's mental condition is in controversy because Defendant has asserted an affirmative defense that with or without accommodation, Plaintiff would not have been able to perform her essential functions at work.  Plaintiff has not challenged the viability of this defense.  Because I find that Plaintiff's mental health professionals' reports alone are enough to satisfy the requirements of Rule 35, I decline to consider whether Defendant's affirmative defense brings Plaintiff's mental condition into controversy.  I do note, however, that the affirmative defense would seem to bolster Defendant's good cause to conduct the mental evaluation, in light of the reports.

5

emotional distress damages, and Plaintiff suggested that she would not call Dr. Linneman, despite listing him as a witness in the IPTR. I find, however, that Plaintiff has improperly attempted to change the nature of her action against Defendant. She has not sought to dismiss any particular part of her claim, or to amend the complaint or the IPTR. Simply stating these changes in a discovery-related motion hearing is insufficient. *See E. Spire Communications, Inc. v. Baca*, 269 F.Supp.2d 1310, 1322 (D.N.M. 2003) ("The IPTR as entered controls the subsequent course of the action unless modified by a subsequent order.") (citing FED. R. CIV. P. 16(e)); *see also* FED. R. CIV. P. 15(a) (providing that a party may amend a pleading after a response has been filed "only by leave of court or by written consent of the adverse party . . . .").

## IV.    CONCLUSION

Based upon my analysis, I find that a claim of unusually severe emotional distress has been made. Plaintiff's mental condition is in controversy, and Defendant has good cause for obtaining a mental examination of Plaintiff under Rule 35. I note here that this order merely allows Defendant to conduct a mental examination of Plaintiff and to issue a report thereon.  **This order does not go to the admissibility of any evidence. Such a ruling is solely within the province of the presiding judge in this matter.**

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Mental (Psychological) Examination of Plaintiff is **GRANTED**. Defendant's counsel shall coordinate with Plaintiff's counsel to arrange a mental evaluation at a place and time suitable to Ms. Reeb and any conditions she may have. Plaintiff's counsel shall have an opportunity to examine the credentials of Defendant's selected examiner and make any objections necessary prior to the examination. The examination shall last no

more than one eight hour day, unless otherwise ordered by the Court, and Defendant shall pay costs at the government per diem rate for lodging and meals, plus government mileage.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**