IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH L. REEB,

        Plaintiff,

vs.                                          CIVIL NO.  06-546 LFG/LCS

MICHAEL JOHANNS, Secretary,
U.S. Department of Agriculture,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
## ON PLAINTIFF'S OWCP CLAIM

THIS MATTER is before the Court on Defendant Michael Johanns' ("Johanns") Motion to Dismiss or, in the Alternative, for Partial Summary Judgment on Plaintiff's OWCP Claim [Doc. 22]. The Court considered the motion, response and reply and determines that oral argument is not necessary.

Johanns' motion seeks to clarify whether Plaintiff Sarah L. Reeb ("Reeb") is asserting a separate and distinct claim for relief relating to Reeb's application for compensation with the Department of Labor's Office of Workers Compensation Program ("OWCP") due to a claimed on-the-job injury.

Reeb contends that the OWCP ordered an independent psychiatric evaluation, and after review of the evaluation, accepted her claim for benefits. Subsequently, however, the OWCP disallowed those benefits, having determined that Reeb's claims for major depression disorder and general anxiety disorder where not medically connected to her employment. Thus, the OWCP concluded the file did not support her claim.

Defendant's motion to dismiss argues that any claim related to this denial of benefits by the OWCP was not administratively exhausted and, therefore, is subject to dismissal. [Doc. 22, p. 1.] Generally, with respect to employment discrimination claims, exhaustion of administrative remedies is a jurisdictional prerequisite. *See, e.g.,* Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997) (to invoke court's jurisdiction under Title VII, party must exhaust administrative remedies). If administrative exhaustion is required, but not accomplished, the claim is subject to dismissal for lack of jurisdiction.

Here, it is undisputed that Reeb filed three separate administrative complaints with the U.S. Department of Agriculture. The first was filed on September 23, 1999; the second on August 1, 2000; and the third on January 10, 2002. The parties agree that Reeb did not file any separate or distinct administrative complaint specifically related to her application for benefits with OWCP.

Reeb convincingly argues, however, that no separate administrative claim was required because the matters relating to the OWCP denial of benefits are subsumed in her claim for retaliation, which was administrative exhausted. She asserts that she is not raising a new OWCP claim, but, rather, that Johanns' actions concerning her OWCP claim are part of several individual acts that demonstrate retaliation. She argues, for example, that the reversal of the initial decision to accept the application, the failure of the Forest Service to process her attorney fee application, the failure to pay awarded compensatory damages, and the failure to comply with the EEOC's decision or failure to comply with the final agency decision are all part and parcel of Johanns' retaliatory actions. Reeb contends that none of these separate acts are discrete acts of discrimination that require administrative exhaustion.

The Court agrees. Reeb is not asserting a separate cause of action arising from the processing of her OWCP claim that would have required administrative exhaustion. Rather, evidence of how Johannes allegedly acted towards her after she asserted an entitlement to benefits under federal law can be viewed as retaliatory conduct. Reeb has, indeed, exhausted administrative remedies with respect to her claim for retaliation. Thus, the Court may consider whether these alleged acts, if established, are part of a larger plan, scheme or design to retaliate against Reeb because she asserted rights under Title VII.

In addition, Reeb clarified that she is not asserting a separate OWCP claim:

> The Defendant correctly states that Reeb makes no assertion in her Complaint that she raised or exhausted any EEO complaint relating to her new OWCP claim. (Def. Memorandum, p. 7) . . . There was no basis for Ms. Reed to assert such a claim since she has not alleged such a claim.

(Response in Opposition, p. 5). Thus, the Court concludes that Reeb has not asserted a separate, distinct claim for which she seeks relief related to the OWCP matter. Rather, this is evidence she seeks to introduce in support of her exhausted claim that Johannes retaliated against her.

The Court determines that Johannes' Motion to Dismiss or, in the Alternative, for Partial Summary Judgment [Doc. 22] should be DENIED. Reeb, of course, is held to her response that she has not asserted a separate claim arising from the OWCP.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge